## JEMAL HAMET *vs.* PEPPERELL MANUFACTURING COMPANY.

York County. Decided November 27, 1911. Action on the case to recover damages for personal injuries received by the plaintiff while operating in the defendant's mill certain carding machines. The plaintiff alleged that "the defendant, although well knowing the perils and dangers of the employment, utterly failed to give the said plaintiff any instructions or notice of the dangers and perils incident to said employment as aforesaid. Whereby and solely by reason of such failure on the part of the defendant to give the notice," etc., etc., the plaintiff "was injured and suffered great pain," etc., etc. Verdict for plaintiff for $895.83. The defendant moved for a new trial. The rescript, among other things, says: "The only question here presented is, was he (the plaintiff) entitled to instructions as to how to operate the machine in which he was at work, or, from his own knowledge and experience must he be deemed

to have known the dangers, and especially the danger by which he was injured. The court is of the opinion from the evidence that the plaintiff should be charged with the knowledge of the dangers connected with the operation of these machines and particularly with the knowledge of the danger liable to be incurred by inserting his hand into a space occupied by a cylinder which he knew to be revolving and the particular location of which in the hidden space he did not know." . . . . . "The plaintiff's own evidence, fully warrants the conclusion that he thoroughly understood every method of starting and stopping the whole or any part of the machine and cylinders; that he knew, or with the exercise of due care ought to have known, at the time of the accident that the big cylinder was revolving; that when revolving it was dangerous; hence, when he thrust his hand into the space occupied by this revolving cylinder he was either so thoughtless that he took no note of his act, or knowing the danger voluntarily took the chance of injury. In either case he was guilty of contributory negligence and cannot recover." Motion sustained. New trial granted. *John P. Deering*, for plaintiff. *N. B. Walker & T. B. Walker*, for defendant.